64  481
138  315

# Hudson *v.* Modawell *et al.*

*Statutory Execution against Sureties on Administration Bond.*

1. *Administration bond ; statutory execution against sureties ; remedies of sureties against.*—When an execution on a decree for money has been issued from the Probate Court against an executor or administrator, and been regularly returned " No property found," the plaintiff in the decree is entitled, as matter of right, to a statutory execution against him and the sureties on his official bond (Code, § 2619), and the probate·judge is charged with the ministerial duty of issuing it on demand: if the sureties have been released or discharged from liability on the bond, their remedy is by *supersedeas ;* or by motion to the court, if in session, to quash the execution; or, sometimes, by bill in equity.

APPEAL from the Probate Court of Perry.

In the matter of the application of William H. Hudson and others, heirs and distributees of the estate of Richard H. Hudson, deceased, for a statutory execution against W. B. Modawell, administrator of said decedent, and S. S. King, E. A. Steele, and R. L. Steele, sureties on his official bond, an execution against said administrator having been returned " No property found." The application was resisted by the sureties, and was overruled and refused by the court or judge. The appellants reserved a bill of exceptions to this ruling and decision, and they here assign it as error. It is unnecessary to state the facts recited in the bill of exceptions, or the rulings of the court on the pleadings and evidence. There was a joinder·in error by the appellees, and no motion was made to dismiss the appeal.

J. H. STEWART, and J. W. BUSH, for appellants.

BROOKS, CLARKE & VARY, *contra.*

BRICKELL, C. J.—On a final settlement of the administration of Modawell, as administrator of Hudson, had in the Court of Probate of Perry county, on the 23d day of May, 1878, decrees were rendered against him, in favor of the several distributees, and executions thereon were regularly issued against him, and returned *No property found.* On the 5th

[Hudson v. Modawell et al.]

March, 1879, after the return of the executions against Moda-
well, the appellants applied to the judge of probate, for exe-
cution against him and S. S. King, E. A. Steele, and R. L.
Steele, as sureties on his bond.   Thereupon, those sureties
appeared voluntarily, without any notice to them, and an-
swered the application, interposing several grounds of de-
fense ; all of which proceed upon the admission, that they
were sureties on a bond of Modawell's as administrator, but
claiming a discharge from liability, by reason of matters oc-
curring after the execution of the bond.   To this answer the
appellants demurred, on various grounds ; and their demurrer
having been overruled, a hearing was had upon evidence, and
the probate judge refused to issue executions against the
sureties.

The proceedings were without authority of law, and the
decree of the Court of Probate, or the order of the probate
judge, which ever it may be esteemed, was *coram non judice.*
The statute provides that, "whenever an execution for money
issues against any executor or administrator, from the Pro-
bate Court, and the execution is returned to any regular term
of such court, 'no property,' by the sheriff of the county, an
execution may issue against the executor or administrator
and his sureties."—Code of 1876, § 2619.   A probate judge
is charged with ministerial, as well as judicial duties.   The
issue of an execution is purely a ministerial act, which may
be performed by a clerk or deputy, to whom he delegates au-
thority.—*Kyle v. Evans*, 3 Ala. 481.   When applied to for its
issue, if the application proceeds from a proper party, the
only inquiry he can make is, whether the record of the court
shows a decree authorizing its issue.   Beyond them he can-
not look, and inquire whether there is not matter which will
discharge the parties, or any of them, from liability.   The
bonds of executors, or of administrators, are approved by the
judge, of file, recorded, and preserved in the Court of Pro-
bate ; and when execution under the statute is sought against
the sureties, the bond must be regarded as part of the record,
as essentially as the decree against the principal.

There are many bonds taken in the course of judicial pro-
ceedings, which, if forfeited, have the force and effect of judg-
ments by statute, and on which clerks of the Circuit Court,
or registers in chancery, or judges of probate, must issue
execution.   If, on the application for the issue of execution,
these officers, all of whom act ministerially, could enter on
an inquiry as to the validity of such bonds, or as to the lia-
bility of parties appearing to be bound by them, much con-
fusion in proceedings would follow, and mere ministerial offi-
cers would assume and exercise judicial power.   In all such

[Chapman v. Lee.]

cases, the issue of execution is matter of right; and if the parties against whom it issues are not liable on the bond, an application for a *supersedeas* is the appropriate mode of relieving themselves; or, if there are equitable circumstances, a bill in equity.—*Elliott v. Mayfield*, 4 Ala. 417; *Dunlap v. Clements*, 18 Ala. 778. Or, when the court, from which the execution issues, is in session, a motion to quash it will be entertained, upon any ground which would authorize a *supersedeas.*—*Crenshaw v. Hardy*, 3 Ala. 653; *Watkins v. Bassett*, *Ib.* 707; *Ewing v. Peck*, 17 Ala. 329; *Brown v. Br. Bank Montgomery*, 20 Ala. 420; *Lansford v. Richardson*, 5 Ala. 618.

We do not deem it proper, in the present state of the proceedings, to enter on the inquiry as to the liability of the appellees, or any of them, for the decree rendered against Modawell.

The decree and order of the judge of probate must be reversed and annulled.