# Frohlichstein *v.* Jordan *et al.*

### Action upon Official Bond of Justice of the Peace.

1. *Appeal from justice of the peace; no breach of official bond to refuse to approve appeal bond, if less than double the amount of judgment.*—In order to secure an appeal from a judgment rendered by a justice of the peace, the statute requires that an appeal bond shall be given in double the amount of the judgment rendered, including costs, (Code, §§ 482-483); and a justice of the peace commits no breach of his official bond in refusing to approve the appeal bond tendered him, which is in an amount less than double the amount of the judgment rendered and the costs.

2. *Same; justice of the peace without authority to approve appeal*

*bond after lapse of five days from date of judgment.*—A justice of the peace has no authority to grant an appeal or to approve an appeal bond after the lapse of five days from the date of the rendition of judgment by him; and he, therefore, commits no breach of his official bond in refusing to approve an appeal bond which is presented for his approval after the lapse of five days from the rendition of judgment.

3. *Appeal from justice of the peace; notice of granting writ of certiorari; when no breach of official bond to issue execution on judgment.*—Where, after the rendition of judgment by a justice of the peace in favor of the defendant in a civil suit, notice is given to the justice by the attorney of plaintiff, before he issues execution on said judgment, that a writ of *certiorari* had been granted by the circuit judge, such notice is not such legal notice of the granting of the *certiorari* as a justice is bound to respect; and, therefore, the justice commits no breach of his official bond in issuing execution upon said judgment, notwithstanding such notice given by the plaintiff's attorney.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. ANDERSON.

This was an action brought by the appellant, Amelia Frohlichstein, against Richard B. Jordan and the sureties on the official bond of said Jordan as justice of the peace in and for the county of Mobile, to recover damages for the alleged breach of said official bond.

The complaint as amended contained two counts. In the first count of the complaint the breach of the bond complained of was, that in a suit brought before said Richard Jones as justice of the peace by one A. Switzer against Amelia Frohlichstein, the plaintiff in this suit, there was a judgment rendered in favor of said Switzer for $4.25 and $6.40 costs; "that within the time required by law for taking appeals, notice of appeal was given by the said Amelia Frohlichstein, and an appeal bond with good and sufficient sureties, viz., Sarah J. Feibleman and Walter G. Horn for $15.00 was presented to the said Richard B. Jordan, who refused to accept the same with the comment that the amount was insufficient; that a new bond in the sum of $21.30 with the same sureties as stated above was presented to the said Richard B. Jordan, on the 25th day of June, 1902, who corruptly and obstinately refused to accept the same there-

by denying plaintiff in this suit the right of an appeal, to her great detriment."

In the second count of the complaint the breach complained of was averred as follows: "And the plaintiff says the condition of the bond has been broken in this, viz., the defendant, Richard B. Jordan has not faithfully discharged the duties of the office of justice of the peace in that on June 28th, 1902, he wrongfully issued execution on a judgment rendered in his court on the 19th day of June, 1902, in the case of A. Switzer against plaintiff herein, after being notified by her attorney of the granting of a writ of *certiorari* in said case on the 27th day of June, 1902, by the Hon. William S. Anderson, judge of the circuit court of Mobile county, Alabama, and bond made therefor, which said writ of *certiorari* was served upon the said Richard B. Jordan by the sheriff of Mobile county on the 28th day of June, 1902."

To the 1st count of the complaint the defendants demurred upon the following grounds: 1. The facts set forth in said count do not constitute a breach of said official bond. 2. Because the facts set forth in said count as constituting a breach of said bond, were committed by the said Richard B. Jordan while acting in his judicial capacity. 3. Because the said count shows that the only bond presented within the time for appealing said case was not in a sufficient amount. 4. Because said count shows that said appeal bond in the sum of $21.30 was not presented to said Richard B. Jordan within the time for appealing said case.

To the 2d count the defendants demurred upon the following grounds: 1. The facts set forth in said count do not constitute a breach of said official bond. 2. Because the facts set forth in said count as constituting a breach of said bond, were committed by the said Richard B. Jordan while acting in his judicial capacity. 3. Because the said Richard B. Jordan was under no obligation to plaintiff to refrain from issuing a writ of execution because he had been notified by plaintiff's attorney of the granting of a writ of certiorari in said case on the 27th day of June, 1902. 4. Because the failure of the said Richard B. Jordan to refrain from issuing exe-

[Frohlichstein v. Jordan *et al.*]

cution because notified by plaintiff's attorney of the granting of a writ of *certiorari* in said case, is not a breach of said official bond of said Richard B. Jordan. 5. Because said count does not aver that said writ of *certiorari* was issued before the said Richard B. Jordan issued said writ of execution. 6. Because from aught that appears to the contrary in said count, the said Richard B. Jordan issued said writ of execution before said writ of *certiorari* was served upon him by the sheriff of Mobile county.

The demurrers to the 1st and 2d counts of the complaint, respectively, were sustained, and the plaintiff declining to plead further, judgment was rendered for the defendants. The plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrers to the 1st and 2d counts of the amended complaint.

THORNTON & INGE, for appellant.

L. H. & E. W. FAITH, *contra.*

HARALSON, J.—1. A judgment was rendered in favor of the plaintiff in the justice court against the defendant for $4.25 damages and $6.40 court costs. The right of appeal was secured to defendant under section 481 of the Code, which provides that, "any party may appeal from any judgment rendered against him before a justice of the peace to the circuit court, or court of like jurisdiction upon complying with the provisions of this chapter, at any time within five days after the rendition thereof," etc. Section 482 provides, that no cause can be carried by appeal from a justice court to the circuit court or other court, unless the party appealing executes the bond required by that section; and section 483 provides, that "such bond shall be in double the amount of the judgment rendered against him, including costs." The defendant, within five days, tendered an appeal bond to the justice for $15.00, which was not double the amount of the judgment for damages and costs, and the justice refused to accept the same and certify the appeal, on the ground that the bond was insufficient in amount. The justice was under no duty,

ministerial or judicial, to approve the bond tendered and certify the appeal, for the reason, that the defendant had not brought himself within the provisions of said sections 482 and 483 of the Code,—and his refusal to do so was no breach of his official bond. He had no discretion. If the appeal was not claimed within five days, the justice had no authority to grant it, and if he should have done so, it would have been liable to be dismissed on it so appearing in the court to which it was taken.—*Johnson v. Hale,* 3 S. & P. 331, 333.

The demurrer to the first count of the complaint was, therefore, properly sustained.

2. Said judgment was rendered by the justice in favor of the plaintiff against the defendant, on the 19th of June, 1902, and on the 28th of that month, he issued an execution thereon. The 2d count claims a breach of the justices' official bond sued on, on the ground, as stated in the count, that the justice, "on June 28th, 1902, wrongfully issued execution on a judgment rendered in his court on the 19th day of June, 1902, in the case of A. Switzer against plaintiff herein, after being notified by her attorney, of the granting of a writ of *certiorari* in said cause, on the 27th day of June, 1902, by the Hon. W. S. Anderson, judge of the circuit court of Mobile county, Alabama, and bond made therefor, which said writ of *certiorari* was served upon said Richard C. Jordan (the justice) by the sheriff of Mobile county on the 28th day of June, 1902." It is not averred that the writ of *certiorari* was granted before the execution was issued. The *prima facie* presumption is, that the officer did his duty and issued the execution before the writ of *certiorari* was granted. The breach alleged, is predicated alone on the fact, that defendant's attorney notified the justice, that a writ of *certiorari* had been granted by the judge of the circuit court on the 27th of June, although, as appears, the justice had no official notice of the fact at the time he issued the writ. The execution was issued after a lapse of five days from the rendition of the judgment. Section 1932 of the Code provides: "After the lapse of five days from the rendition of judgment by a justice of the peace, if an appeal is not taken, the justice must, unless other-

[Frohlichstein v. Jordan *et al.*]

wise directed, issue a *fieri facias* for the satisfaction of the judgment," etc. The justice, unless he was legally notified of the granting of the writ of *certiorari*, acted within the provisions of said section of the Code, and not in violation thereof, and so acting, the issuance of the execution by him constituted no breach of his official bond.

The question, therefore, is presented, whether or not the notice given the justice by the attorney of plaintiff, before he issued execution on said judgment, that a writ of *certiorari* had been granted by the circuit judge, was a legal notice of the granting of the *certiorari*, such as the justice was bound to respect, in the same manner as if he had received official notification of that fact.

The issuance of an execution is a ministerial act. When applied for, the only enquiry competent to be made by the officer issuing it is, whether the record of the court shows a judgment authorizing it. The issuance of the execution is a matter of right, and if the party against whom it issues is aggrieved, an application for a *supersedeas* is the proper remedy, or if there are equitable circumstances, a bill in equity.—*Hudson v. Modawell*, 64 Ala. 481.

The case of *Payne v. Governor*, 18 Ala. 320, was a case against a constable and the sureties on his bond, to recover for selling personal property levied on under execution in his hands, after the judgment had been superseded by *certiorari*. The defense was, that the constable had no sufficient notice of the *certiorari*. It appeared that the justice on whom the *certiorari* and *supersedeas* were served, issued no written notice to the constable requiring him to suspend proceedings under the execution and levy he had made thereon, but merely informed him verbally that the *supersedeas* had been served on him. The court charged the jury, that if the constable was informed by the justice that the *supersedeas* had issued, he ought to have examined it, and if he proceeded to sell without doing so, he was liable on his bond for breach of official duty. This court held this to be error, saying: "We apprehend that it would not be denied, that the sheriff (constable) must be served with a written order requiring him to suspend all action upon an

execution in his hands before he could be made liable for executing it. * * * We do not perceive how he could be protected by a conversation with the clerk, or even with the judge, in which he was told that the writ was suspended, if in fact it was not. * * * * Such intercourse. as this, between the justice and his 'constable, cannot be considered as of an official character, and the constable is not bound to regard it.

It is his duty to obey the mandate of the writ, and if this has been superseded, then he should be commanded not to execute it, and this command should be of such a character as to afford him protection."—*Clark v. Lamb*, 76 Ala. 408.

We do not ·decide that the writ in this case was required to be served by an officer. It may be, that such a paper might be served by any person in a manner and by means, such as that the justice is made aware, of the issuance of the writ of *certiorari* and its requirements. If the original had been in fact delivered to the justice, it may be such service would be sufficient.—*State v. Duyc,* 41 N. J. Law, 93. The verbal notice given by the attorney of plaintiff to the justice was not a sufficient notice, to prevent him from issuing the execution.

From what has been said, it will appear, that the issuance of said execution involved no breach on the justice's bond, and the demurrer to the second count of the complaint was properly sustained.

Affirmed.