[No. 5447.]
[Nó. 3116 C. A.]

Lindsey, County Judge, v. Carlton.

1. Mandamus—When Writ Lies.

Mandamus lies to compel the performance of a purely ministerial duty involving no discretionary right and not requiring the exercise of judgment, but does not lie where performance of a trust is sought, which is discretionary or involves the exercise of judgment; nor can the writ usurp the functions of a writ of error or take the place of an appeal; nor will it lie against a court,

unless it be clearly shown that the court has refused to perform some manifest duty.—P. 48.

**2. Same.**

Section 307, Mills' Ann. Code, provides that the writ of mandamus may be issued to an inferior tribunal to compel the performance of an act which the law specially enjoins as a duty resulting from an office. Held, that mandamus will not lie from the district court to compel the county court to enter a judgment in a divorce proceeding different from the judgment which had been rendered; this being an attempt to review, annul, and modify such judgment, and to usurp the functions of an appeal from or writ of error to such judgment, and also an attempt to control the discretion and judgment of the county court.— Pp. 48, 49.

*Error to the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Petition by Frank Carlton for writ of mandamus against Ben B. Lindsey, as county judge. From a judgment granting an alternative writ, respondent brings error.

*Reversed and remanded, with directions to dismiss.*

Mr. JOHN A. DEWEESE and Mr. C. W. COYKENDALL, for plaintiff in error.

Mr. S. S. ABBOTT and Mr. E. N. BURDICK, for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Defendant in error here (plaintiff below) filed his verified petition in the court below, praying for a writ of mandamus to compel the county court to comply with a decree rendered by the district court in the *certiorari* proceedings in *Carlton v. Carlton, ante,* p. 27.

The petition set forth substantially the same facts as those set forth in the petition for a writ of

*certiorari* in *Carlton v. Carlton,* and also alleged the rendition of the judgment and decree in that proceeding, and the failure and refusal of the county court to obey the judgment of the district court in the *certiorari* proceeding. A copy of this latter decree was attached to the petition and made a part thereof, by reference.

This petition was filed before and adjudicated by a judge of the district court other than the judge who adjudicated the *certiorari* proceedings. Pursuant to the prayer of the petition, an alternative writ of mandamus was issued and served upon the judge of the county court, which is in words and figures as follows, to wit:

"The people of the state of Colorado, to Ben B. Lindsey, judge of the county court, of the city and county of Denver, and said county court, greeting:

"Whereas, it manifestly appears by the affidavit and petition of Frank Carlton, the plaintiff herein and the party beneficially interested herein, and it appearing from said petition supported by the affidavit of said Frank Carlton,

"1. That the county court is an inferior tribunal in repect to this district court.

"2. That the plaintiff has no plain, speedy or adequate remedy in the ordinary course of law.

"3. That on the 30th day of January, A. D. 1904, the said county court rendered a decree in divorce in which said decree it awarded alimony and attorney's fees in the sum of $2,200, which same was in excess of the jurisdiction of said county court.

"4. That on, to wit, the 5th day of May, A. D. 1904, the said decree was held to be null and void by this court in so far as said money judgment was concerned.

"5. It is alleged and represented and appears from said petition that the said judgment is wholly

illegal and void and that all steps taken therein are illegal and void and of no effect.

"6. It is further represented to the court and it appears from the said petition that a receiver was appointed after judgment in aid of execution in the said county court and that said receiver was appointed wholly without notice to any of the parties in interest and that the same was null and void and of no effect.

"7. It further appearing from said petition that a writ of the *ne exeat* was issued and the plaintiff in this writ required to give bond in the sum of $2,000 to pay the said judgment of court and not to leave the state, and it appears from the said petition that the writ of *ne exeat* and the bond required thereunder were null and void and of no effect.

"8. It appears from the said petition and is so represented that a writ of injunction issued in the said county court, enjoining the defendant from committing certain acts.

"9. It appears from the said petition that the said Ben B. Lindsey is persisting in retaining the said receiver and in holding jurisdiction of said cause notwithstanding the time has expired in which said judgment was rendered, and that the said judgment has been decreed to be null and void.

"And it further appearing to the court that there is no plain, speedy or adequate remedy at law.

"Therefore, we do command you that you do immediately after the receipt of this writ, remove the said receiver heretofore appointed by you, to wit, the said Walter S. Kent.

"2. And that you do dissolve and discharge the writ of *ne exeat* heretofore issued by you and discharge the plaintiff herein from the bond given by him in response to said writ.

"3.   That you do discharge the writ of injunction heretofore issued by you in said cause.

"4.   That you dismiss the said proceeding in your court and cease forever in taking jurisdiction of the same, and that you show cause before this court at 2 o'clock p. m., on the 25th day of May, A. D. 1904, why you have not done so.

"Witness the Honorable John I. Mullins, judge of the district court of the city and county of Denver, and the seal of said court, this 23rd day of May, A. D. 1904.

"Otis B. Spencer, Clerk.

"By J. S. Brown, Deputy Clerk."

The respondent county judge, by motion and demurrer, questioned the jurisdiction of the court to issue the writ, and the sufficiency of the allegations of the alternative writ to entitle petitioner to the relief prayed.   The motion and demurrer were overruled.   Whereupon an answer was filed which challenged the legal sufficiency of the alternative writ to support a judgment, put in issue many of the allegations of the alternative writ, admitted others, alleged that the decree in the divorce proceedings complained of was entered in open court by Honorable A. S. Frost, as judge of and sitting in said court, in the presence of and with the knowledge and consent of the defendant in the divorce proceedings, and then set forth that after the cause was certified to the county court from the district court, the defendant was notified that the plaintiff had remitted the sum of $225 from the amount of alimony awarded, and that plaintiff asked the county court to modify the decree therein according to such remittitur, and that the defendant appeared in the county court and asked for further time to be heard before the decree was entered, and that on a certain day plaintiff, in

person and by his attorneys, was present in the county court when an order was about to be entered in said case, and thereupon requested the court not to make any order touching said decree until they might be heard thereon; that such further time was granted; that since said last mentioned order, neither the said plaintiff, his attorneys, nor any one in his behalf, have made any request for a modification of the decree or a discharge of the receiver, or asked for any order whatever in said cause.

And respondent further says that he is ready and willing to enter up such other or further orders in said cause as under the decree in *certiorari* he may be advised of, under the law and the facts.

A reply was filed joining issue on the averments of new matter in the answer, and thereafter the court made its findings of fact, which were substantially those set forth as conclusions in the alternative writ, and rendered the following judgment or decree:

"Wherefore, you are hereby ordered to forthwith vacate said money judgment of $2,200 and without delay to discharge the said Walter S. Kent as receiver in said cause and you are commanded to report to this court whether or not you have complied with this order at 10 o'clock a. m., on, to wit, the 4th day of June, A. D. 1904."

A comparison of the allegations of the alternative writ with the petition therefor shows that the writ is the briefest possible resume of the allegations of the petition, and is nothing more than the conclusions, drawn from the allegations of the petition, of the person who prepared the writ. This is manifest from the language of the writ, which states again and again, in substance, "that it is alleged and represented and appears from said petition," etc.

In *Wheeler v. Northern Colo. I. Co.*, 10 Colo. 586, it is said:

"The .alternative writ of mandamus performs the office of the complaint in an ordinary civil action. It must state a cause of action, and failing to do so will not support a judgment. Its legal sufficiency may, by the return or answer provided for in the Civil Code, be challenged as upon demurrer and tested under the rules of pleading applicable to the ordinary complaint, when assailed by demurrer."— *Town Trustees v. Keith,* 13 Col. App. 553.

Tested by the rule above announced, which is the settled rule in this' jurisdiction, this case might be disposed of upon the ground that the alternative writ was insufficient to support a judgment; but we prefer to base our decision upon broader grounds.

It is a fundamental principle that mandamus lies to compel the performance of a purely ministerial duty involving no discretionary right, and not requiring the exercise of judgment. It does not lie where performance of a trust is sought which is discretionary, or involves the exercise of judgment. It is also elementary that the writ cannot usurp the functions of a writ of error, or take the place of an appeal; nor will it lie against a court unless it be clearly shown that such court has refused to perform some manifest duty.—*People v. District Court,* 14 Colo. 396; *Union Colony v. Elliott,* 5 Colo. 371.

The language of section 307, Mills' Ann. Code, is:

"The writ of mandamus may be issued  *   *   * to an inferior tribunal  *   *   *  to compel the performance of an act which the law specially enjoins as a duty resulting from an office."

It is manifest from the petition and the alternative writ that the sole purpose of the proceedings herein was to compel the county court to enter a judgment or decree in a divorce proceeding, different from a judgment or decree which had been rendered

in such divorce proceeding by the county court. In other words, this was an attempt to review, annul and modify, by mandamus issued out of the district court, a judgment and decree of the county court rendered in a divorce proceeding. In this regard it was an attempt to usurp the functions of an appeal from or writ of error to such judgment, and also an attempt to control the discretion and judgment of the county court, thereby violating both of the elementary principles above stated.

While it is true that the petition and alternative writ appear to be based on a judgment in *Carlton v. Carlton,* the prayer of the petition and the order or judgment of the court went beyond that judgment, and in other material respects sought to control the judgment and discretion of the county court. Under the express provisions of our Code above cited, and the authorities mentioned, this cannot be accomplished by mandamus. The demurrer to the alternative writ should have been sustained. The judgment will be reversed and the cause remanded to the court below with directions to dismiss the proceeding.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.