# UNITED STATES *v.* WEST.*

---

### STATUTES; COURTS; JUVENILE COURT; CERTIORARI.

1. Congress may create by the same statute two separate crimes, punishable in different courts within the same jurisdiction.

2. The supreme court of the District of Columbia will not be deprived of its common-law jurisdiction of civil and criminal matters by mere implication, especially if the jurisdiction thus sought to be taken away would have to be conferred by implication upon an inferior court of special, limited jurisdiction.

---

*\*Certiorari.* — As to certiorari in exercise of superintending control over inferior courts, see note to *State ex rel. Fourth Nat. Bank* v. *Johnson,* 51 L.R.A. 33; as to exceptions to the rule that certiorari will not lie where there is an appeal, see note to *State ex rel. Hamilton* v. *Guinotte,* 50 L.R.A. 787.

3. When Congress provides for this District a new civil remedy or creates a new criminal offense, without placing the jurisdiction in a special court,—unless it comes within the limited class of civil and criminal matters of which the inferior courts of the District are vested with special jurisdiction,—it must belong to the supreme court of the District of Columbia.

4. Whether or not under the act of Congress of March 23, 1906 (34 Stat. at L. 86, chap. 1131), making it a criminal offense in this District for a parent to wilfully neglect to support his or her minor child, and also making it a criminal offense for a husband to fail to support his wife, but which does not provide in what court of the District offenders shall be prosecuted, the juvenile court has jurisdiction in those cases relating to minors; it has no jurisdiction in those cases relating to husband and wife; and if it enters a judgment requiring a husband to pay money for the support of his wife, the judgment is void and may be attacked, either directly or collaterally.

5. While certiorari will not lie where there is concurrent jurisdiction, it will lie where the inferior court has proceeded wthout any jurisdiction whatever.

6. Because an unsuccessful party in the lower court had, but did not exercise, the right of appeal to this court, he is not thereby necessarily deprived of the right to the writ of certiorari. Where the inferior court has proceeded without jurisdiction, such writ can be substituted for an appeal.

7. The term "inferior court" may be applied to any court that is either placed under the supervisory or appellate control of another court, or to a court where the jurisdiction conferred upon it is limited and confined to special subjects or branches of the law.

8. The juvenile court of the District of Columbia is an inferior court of special, limited jurisdiction.

9. Certiorari lies from the supreme court of the District of Columbia to the juvenile court of the District, where the latter court is proceeding or has proceeded to judgment in a case of which the former court has exclusive jurisdiction.

No. 2044. Submitted October 14, 1909. Decided November 2, 1909.

HEARING on an appeal by the United States (specially allowed) from an order of the Supreme Court of the District of Columbia, overruling a motion to quash a writ of certiorari issued by that court to the Juvenile Court of the District of Columbia. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal from an order overruling a motion to quash a writ of certiorari issued by the supreme court of the District of Columbia to the juvenile court of the District. On April 25, 1908, an information was filed in the juvenile court against the appellee, Leo S. West, charging him with having, without just cause, wilfully neglected to provide for the support and maintenance of his wife, the wife, it was alleged, being in necessitous circumstances. On April 27 following, the appellee appeared in the juvenile court and pleaded not guilty, whereupon he was tried, found guilty, and sentenced to pay a fine, or, in default thereof, to be imprisoned in the workhouse of the District at hard labor for the term of six months. The sentence was suspended by the court upon condition that appellee pay to his wife the sum of $6 per week for the period of one year. He performed this condition until the month of September, 1908, when he failed to make further payments. On March 11, 1909, an attachment was issued out of the juvenile court, and he was apprehended and brought before the justice, and the original sentence was reinstated, and the justice ordered that he be committed to the workhouse to begin the service of the same, unless he should pay into the court the sum of $100, the money to be held by the clerk of the court pending a hearing upon the charge of infidelity on the part of the wife, preferred by the appellee. On March 15, 1909, an application was made to the supreme court of the District of Columbia for a writ of certiorari to the juvenile court, and the writ was granted on the same day. The records of the proceedings were certified to the supreme court, whereupon the attorney for the United States filed a motion to quash the writ of certiorari upon the return submitted by the juvenile court. This appeal is from the order denying the motion.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, *Mr. Edward H. Thomas,* Corporation Coun-

sel, and *Mr. F. Sprigg Perry,* Assistant United States Attorney, for the appellant.

*Mr. B. L. Gaskins* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The various acts of Congress creating and conferring jurisdiction upon the juvenile court of the District of Columbia are concisely and clearly enumerated and interpreted in the opinion of Mr. Justice McComas in *Moss* v. *United States,* 29 App. D. C. 188. It will be found from a review of the statutes that the juvenile court is one of special, limited jurisdiction. Its jurisdiction is confined to a single branch of criminal jurisprudence. It has alone to do with the punishment and protection of children. Incidental to that end, it has jurisdiction concurrent with the criminal courts of the District of Columbia under the act of Congress of March 3, 1901 [31 Stat. at L. 1095, chap. 847], to impose and enforce certain restrictions and requirements upon parents respecting their duty to maintain and support their minor children; but nowhere does the jurisdiction extend to matters relating to the duties of husband and wife toward each other.

It is clear that, prior to the act of March 23, 1906 [34 Stat. at L. 86, chap. 1131], the juvenile court would have had no jurisdiction in the case at bar. That act provides two things: It makes it a criminal offense for a husband to fail to support his wife "in destitute and necessitous circumstances." It also makes it a criminal offense for "any person who shall, without just excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her minor children under the age of sixteen years in destitute or necessitous circumstances." The case at bar comes under the former provision. It will be observed that Congress here creates a new criminal offense, punishable within the District of Columbia. We can pass by without opinion the alleged repealing effect upon the act of 1901, supra, of that portion of the statute relating to the

failure of the parent to support his or her minor children, since there is nothing to prevent Congress from creating in the same statute two separate crimes punishable in different courts within the same jurisdiction. The juvenile court is not mentioned in this statute. The supreme court of the District of Columbia has general common-law jurisdiction of civil and criminal matters. It cannot be deprived of this jurisdiction by mere implication, especially when the jurisdiction thus taken away would have to be conferred by implication upon an inferior court of special, limited jurisdiction. We are not impressed with the contention of the learned counsel for the government that Congress, in the act of March 23, 1906, was treating the same subject-matter as in the act of March 3, 1901. As to parents failing to support their minor children, it was; but, as to a husband failing to support his wife, it was treating of an independent, substantive offense, not mentioned directly or indirectly in any legislation conferring jurisdiction upon the juvenile court. There is only one court of general common-law jurisdiction within the District of Columbia, which is the supreme court. When Congress provides a new civil remedy or creates a new criminal offense, without placing the jurisdiction in a special court, unless it comes within the limited class of civil and criminal matters of which the inferior courts of the District are vested with special jurisdiction, it must belong to the supreme court. It is unnecessary to say whether a statute relating to the punishment of minor children, that did not specifically place the jurisdiction in the juvenile court, would, by implication, belong there. Perhaps it would, as being of that class of which that court has special jurisdiction. But that is not involved in this inquiry, and we will pass it without expressing any opinion. We are unable to find in any of the acts of Congress conferring jurisdiction upon the juvenile court any authority to proceed in the present case. The court being without jurisdiction, its judgment is totally void, and may be attacked either directly or collaterally.

The mere fact that the statutory right is afforded a litigant in the juvenile court to come to this court by writ of error does

not exclude all other remedies. Should the juvenile court imprison a litigant in the enforcement of a void judgment, it would hardly be contended that he could not collaterally attack that judgment by suing out a writ of habeas corpus in the supreme court of the District of Columbia. While it is true that certiorari will not lie where there is concurrent jurisdiction, here there is no jurisdiction whatever in the juvenile court. It does not necessarily follow that because the appellee had the right of appeal to this court, he can be deprived of the right to the writ of certiorari. Where the court has proceeded without jurisdiction, the writ can be substituted for an appeal.

As to the power of the supreme court to direct a writ of certiorari to the juvenile court, there can be no doubt. The supreme court being the only court in the District with general common-law jurisdiction, it is analogous to the court of King's bench, having supervisory control over all inferior tribunals within the territorial limits of its jurisdiction. When the juvenile court usurps the jurisdiction vested in the supreme court, some adequate means must be afforded to enable the supreme court to assume jurisdiction of the case. The only way that court can ascertain whether the case is one within its jurisdiction is by an examination of the record and proceedings in the juvenile court. This record can only be obtained through the agency of the writ of certiorari. This writ, by long-established custom and legal usage is appropriate to review the proceedings of a subordinate, inferior tribunal which has proceeded, or is proceeding, to judgment without jurisdiction. *Bates* v. *District of Columbia,* 1 MacArth. 433. But it is insisted that the juvenile court is not an inferior court to the supreme court of the District of Columbia. The term "inferior court" has acquired a well-defined meaning in English jurisprudence. It may be applied to any court that is either placed under the supervisory or appellate control of another, or to a court where the jurisdiction conferred upon it is limited and confined to special subjects or branches of the law. *State* v. *Daniels,* 66 Mo. 192; *Bailey* v. *Winn,* 113 Mo. 155, 20 S. W. 21. The juvenile court of the District clearly belongs to the latter class.

To hold that the supreme court is without supervisory control over the juvenile court would lead to interminable confusion. A striking example of the length to which any other conclusion would lead is furnished in this case. When the writ issued out of the supreme court, judgment had been suspended in the juvenile court pending an inquiry into the alleged infidelity of the wife. The result of such an inquiry is well stated in the opinion of the learned justice in the court below, as follows: "The present case illustrates one of the difficulties that might be met with if the juvenile court should be held to have concurrent jurisdiction with this court over cases involving the duties and relations between husband and wife. In this very case the juvenile court has treated the question of the duty of the husband to support his wife as depending upon the question whether the wife has committed certain acts of infidelity which, if established, would apparently constitute a ground for divorce in his favor. Such a situation may often be presented because the husband is only liable for not supporting his wife when he does so 'without just cause.' Was it intended to give the juvenile court authority to determine that question? If so, and if that court does determine it, possibly that determination would not be final and conclusive when the same question should arise in a suit for a divorce in this court, since the parties to the litigation would not be the same, the proceedings in the juvenile court being in the name of the government. But, if not conclusive, it might be very embarrassing. The jurisdiction involves so much, and its consequences are so far-reaching, that if it is conferred, it ought to be conferred very clearly, and not as the result of an inference upon an inference."

We conclude, therefore, that the juvenile court was totally without jurisdiction to inquire into the charge preferred against the appellee; that it is an inferior court of special, limited jurisdiction, and that the writ of certiorari was properly issued by the supreme court of the District. The judgment is affirmed, and it is so ordered.                    *Affirmed.*