## No. 11,714.

### ERNST *v.* ELDRED, COUNTY JUDGE.

Decided January 3, 1927.

Action in mandamus. Demurrer to petition sustained.

*Reversed.*

*On Application for Supersedeas.*

1. EXECUTION—*Mandamus.* Mandamus is a proper remedy to compel the issuance of an execution on an unsatisfied judgment of record.

2. PLEADING—*Mandamus—Execution.* In a mandamus proceeding to compel the issuance of an execution, the necessary allegations are the existence of the judgment and that it is unsatisfied.

3. · *Complaint—Demurrer.* A complaint which alleges facts entitling plaintiff to some kind of relief, is not subject to a general demurrer.

4. EXECUTION—*Issuance.* The issuance of an execution is not a judicial, but a ministerial act.

5. MANDAMUS—*Execution*—*Parties.* In an action in mandamus to compel the issuance of an execution, the judgment debtor—having no right to resist the issuance—is not an interested third party in a sense that will defeat the action.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Messrs. SABIN & McGLASHAN, for plaintiff in error.

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ADAH Ernst brought mandamus against Eldred as judge and acting clerk of the county court of Fremont county to compel him as clerk to issue an execution upon a judgment which she recovered against one Colburn July 9, 1923. A demurrer to her petition was sustained, and she brings error and asks for a supersedeas. We think the petition was good.

The judgment which she recovered was an ordinary judgment in replevin for the possession of chattels, or, if possession could not be obtained, for their value as found by the jury—$550. The petition for mandamus shows this judgment, and alleges that it is unsatisfied and prays for an execution. We can see no reason why an execution is not due.

The defendant in error makes the following objections:

First. That a supersedeas will not be granted because the judgment is merely for costs. We will not grant the supersedeas but will reverse the judgment.

Second. That there is no assignment of error to the judgment itself, but since this objection was made, the plaintiff in error has filed an assignment, and asks leave to do so, which is granted. We do not say whether this was necessary.

Third. That no legal right to the mandamus is shown. We have stated above that execution is due, and mandamus is the proper remedy. 23 C. J. 365.

Fourth. It is urged that the petition ought to allege that the chattels have not been returned; but the only necessary allegations are the judgment and that it is unsatisfied of record. *Hudson v. Modawell,* 64 Ala. 481. The allegations of the complaint state this in substance. Perhaps it would have been well for the petitioner to allege, if such is the fact, that the property could not be returned, and then pray for a fieri facias, or that it could and then pray for a writ of possession, but neither of these objections, if they are objections, is sufficient to support a general demurrer, for she has shown a right to some kind of an execution.

Fifth. It is claimed that the issue of an execution is a judicial act because it requires the determination of a fact, i. e., that the judgment is unsatisfied. We cannot agree with that; it is purely ministerial. *Briggs v. Wardwell,* 10 Mass. 356. If the judge is also clerk nevertheless in issuing the execution, he acts as clerk only (Id.), and the clerk is to look no further than his own record. *Hudson v. Modawell, supra. Frankfort Bank v. Markley,* 1 Dana (Ky.) 373; *Burton v. McFarland,* 3 Ky. L. 536; *Briggs v. Wardwell, supra.*

Sixth. It is urged that Colburn is interested and mandamus will not lie where a third party is interested, but it follows from the fact that the clerk looks only to the record, that Colburn has no recognizable interest, that is to say, no right to resist the issue of an execution on a judgment unsatisfied of record. If it has been satisfied in fact he should have it satisfied of record and then no mandamus would lie.

Supersedeas denied. Judgment reversed with directions to overrule the demurrer and proceed with the case.

MR. CHIEF JUSTICE ALLEN not participating.

MR. JUSTICE BURKE sitting as chief justice.