No. 13,094.

LAIZURE *v.* BAKER ET AL.
(11 P. [2d] 560)

Decided May 9, 1932.

Mr. V. N. Stinson, Mr. C. V. Marmaduke, Jr., for petitioner.

No appearance for respondents.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Chester M. Laizure petitions this court for a writ of mandamus commanding the Honorable George B. Baker, as judge of the county court of Pueblo county, to sign a decree or certificate of divorce.

From the petition it appears that Bertha M. Laizure sued the petitioner in that court for a divorce; that the court found in her favor and made and signed findings of fact and conclusions of law, which were duly filed with the clerk of the court; that within six months thereafter the wife filed an application to set aside the findings and conclusions and to dismiss the suit, on the ground that she had been defrauded into applying for a divorce, and had acted under a misapprehension as to the facts; that for some reason that does not appear the court denied her application; that after the expiration of the six months Laizure applied to the court to sign a decree of

divorce, or to sign a certificate showing that the parties were divorced by operation of law; and that his application was denied.

Our rule 57 provides: "In any application made to the court for a writ of * * * mandamus * * * to be issued in the exercise of its original jurisdiction and for which an application might have been lawfully made to some other court in the first instance the petition shall, in addition to the matter necessary to support such application, also set forth the circumstances which render it necessary or proper that the writ should issue from this court, and not from such other court." The petition states no reason why application for the writ was not made to the district court or why the writ should issue from this court. It appears, however, from the brief filed in support of the application, that counsel for the petitioner believe that a district court has no jurisdiction to issue a writ of mandamus directed to a county court in a divorce case.

█ 1. Section 342, Code of Civil Procedure, provides that, "The writ of mandamus may be issued * * * by any court of record." A district court, being a court of record, has power to issue the writ in proper cases.

[2-5] 2. But it is said that a county court is a superior court of general jurisdiction, and therefore does not come within section 342 of the Code, for that section permits the issuance of a writ of mandamus to an "inferior tribunal" only.

The word "inferior" is used, in law, in different senses. The words "inferior courts" also are used, in law, in different senses. Thus, the words have been applied to courts of special and limited authority whose judgments do not import verity, and whose jurisdiction must appear on the face of the proceedings in order to give validity to their judgments. *Cole v. Marvin*, 98 Ore. 175, 193 Pac. 828; *Kirkwood v. Washington County*, 32 Ore. 568, 52 Pac. 568. But the words are also used in quite another sense; namely, as indicating the relative rank and au-

thority of courts. *Swift v. Wayne Circuit Judges,* 64 Mich. 479, 31 N. W. 434; *State v. Daniels,* 66 Mo. 192; *Bailey v. Winn,* 113 Mo. 155, 20 S. W. 21; *Ex parte Orr,* 51 Ala. 42. That is the sense in which the words are used in section 2, article VI, of the state Constitution, granting to this court a general superintending control over all "inferior courts." *Mitchell v. Bay Probate Judge,* 155 Mich. 550, 119 N. W. 916. And that is the sense in which the words are to be understood when used with reference to the issuance of writs of mandamus. The power of this court to issue original writs comes from the Constitution, and the court may conform to either the Code or the common-law practice. *People, ex rel. Barnum v. District Court,* 74 Colo. 48, 218 Pac. 912. The common-law practice, like that under the Code, permits the direction of writs of mandamus to inferior courts only. 18 R. C. L., p. 87. Notwithstanding the fact that for most purposes district courts are superior courts of general jurisdiction, this court has the unquestioned power, which it has exercised repeatedly, to direct writs of mandamus to those courts as inferior courts. So, also, for some purposes county courts are superior courts of general jurisdiction. *Terry v. Wright,* 9 Colo. App. 11, 47 Pac. 905. And see *Hughes v. Cummings,* 7 Colo. 138, 141, 2 Pac. 289. But for the purpose of mandamus, they are inferior tribunals to which writs of mandamus may issue from this court and from district courts. We have upheld such a writ issued by a district court to a county court to compel the issuance of an execution on an unsatisfied judgment. *Ernst v. Eldred,* 80 Colo. 425, 252 Pac. 357; *Ernst v. Eldred,* 86 Colo. 125, 278 Pac. 593. Counsel's contention that writs of mandamus cannot be directed to county courts because they are not inferior courts, but superior courts of general jurisdiction, would, if sustained by us, defeat the present application, which is to direct such a writ to a county court.

3. Counsel insist, however, that, whatever may be the practice in other cases, in divorce cases district

courts have no jurisdiction to issue the writ to county courts; that in such cases county courts have concurrent jurisdiction with district courts, and therefore, in relation to district courts, are not inferior tribunals within the meaning of section 342 of the Code of Civil Procedure. The two courts have concurrent jurisdiction only where the plaintiff does not seek alimony in excess of $2,000. S. L. 1927, p. 303. Under the present Divorce Act, the defeated party in a divorce case tried in a county court may appeal to a district court in the same manner as appeals are taken in other cases. C. L. §§5605, 5776. Hence, in relation to district courts, county courts are inferior courts. *Kempe's Lessee v. Kennedy,* 5 Cranch (U. S.) 173, 3 L. Ed. 70; *Ex parte Orr, supra; Sanders v. State,* 55 Ala. 42; *Kirkwood v. Washington County, supra.*

*Lindsey v. Carlton,* 44 Colo. 42, 96 Pac. 997, furnishes a sidelight on the question. There, a district court issued a writ of mandamus commanding a county court to enter, in a divorce case, a judgment different from the judgment that it had entered. Our reason for reversing the judgment was not that district courts have no jurisdiction to issue writs of mandamus to county courts in divorce cases, but that the issuance of the writ in question was an attempt to usurp the functions of an appeal or writ of error and to control discretion, and that writs of mandamus cannot be issued for such purposes.

So far as the right to issue writs of mandamus is concerned, we see no reason to distinguish between divorce cases and other cases.

As application for the writ might have been lawfully made to the district court in the first instance, and as no reason has been shown why it is necessary or proper that the writ should issue from this court, and not from the district court, the application for the writ is denied. Supreme Court rule 57. As to what disposition the district court should make of such an application, should one be presented, we express no opinion.