## No. 13,147.

LAIZURE *v.* BAKER ET AL.

(14 P. [2d] 486)

Decided September 12, 1932.

Mr. V. N. Stinson, for plaintiff in error.

Mr. W. O. Peterson, Mr. George B. Baker, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as Laizure, and defendants in error as Judge Baker and Mrs. Laizure respectively.

Laizure brought mandamus to compel Judge Baker to enter or sign a final decree of divorce or a certificate that Mr. and Mrs. Laizure were divorced. The alternative writ was issued and answers thereto, including demurrers, filed. Judge Baker's demurrer was sustained, Laizure elected to stand, and to review the judgment of dismissal thereupon entered against him he prosecutes this writ.

Laizure originally sought mandamus directly in this court and his action was dismissed. For further facts essential to a full comprehension of the following, see our opinion in that case, *Laizure v. Baker,* 91 Colo. 48, 11 P. (2d) 560.

The simple question here presented is, "Can the guilty party in a divorce action maintain mandamus to compel the court to enter a final decree in favor of, and

over the protest of, the innocent party, after the passage of six months from the entry of the findings of fact and in the absence of further proceedings affecting the validity thereof; or so compel the court to issue a certificate that the parties are in fact divorced?'' If so, it is clear that his rights must rest upon some legislation passed since our decision in the Walton case. *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780. The only such legislation is chapter 91, p. 327, S. L. 1929. This act Laizure here relies upon. Mrs. Laizure says it is unconstitutional. Judge Baker admits its validity, but says it affords Laizure no relief here. We think the Judge's last contention is correct. If so, the constitutionality of the act need not, hence, under a well recognized rule will not, be now decided.

If the act of 1929 is unconstitutional, Laizure is left where the Walton case left him. If it is constitutional he is simply divorced by operation of law and is entitled to nothing more than a certificate of the court records as they stand. This is not denied him.

██ The act of 1929 provides that the findings of fact and conclusions of law shall recite that, after six months from their entry, if certain specified action has not been taken (and here it has not), they shall operate as a decree of divorce upon the terms and conditions therein contained. Hence, if the act is valid, Laizure is divorced and the documentary proof thereof is a certificate setting forth what the county court records do and do not show. The act further provides that ''Nothing herein shall prevent the court from entering a final decree of divorce or any other order or decree to set forth any terms, conditions or other matters properly included in a final decree.'' If therefore the entry of a final decree in such a case is ever mandatory, it can only be when necessitated by vital proceedings which have occurred since the entry of the findings. Since there is no contention here that any such proceedings have been had, the entry of a final decree, if proper, is discretion-

ary, and mandamus may never be used to control discretion. *Lindsey v. Carlton,* 44 Colo. 42, 48, 96 Pac. 997.

The court's certificate that the parties are divorced would be nothing more than Judge Baker's opinion on the validity of the act of 1929, which question is not now judicially before him. No one has a right to demand such opinions and judges in this state are forbidden to give them. C. L. 1921, p. 1586, §6014.

The judgment is affirmed.