# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## JULY TERM, 1875.

5 373
5 406
6 301

THE DOUGLAS COUNTY ROAD COMPANY, APPELLANT, *v.* THE COUNTY OF DOUGLAS, THE COUNTY COURT OF DOUGLAS COUNTY, AND THE CANYONVILLE AND GALESVILLE ROAD COMPANY, RESPONDENTS.

RECORDS OF COUNTY COURTS—SUPERVISORY CONTROL OVER BY THE CIRCUIT COURT, HOW EXERCISED.—The failure of the proper officer of an inferior court to record the proceedings of such court, can only be remedied by proceedings to complete the record. The supervisory control exercised by the Circuit Court in such cases, as a general rule, is by mandamus, the writ of review, or on appeal.

APPEAL from Douglas County.

The facts are stated in the opinion of the Court.

*W. W. Thayer and E. C. Bronaugh,* for Appellant.

*J. F. Watson and W. R. Willis,* for Respondents.

By the Court, SHATTUCK, J.:

This suit, coming before the Court upon complaint and demurrer, presents the same question decided by this Court at

the December Term, 1874, in the case of *The Douglas County Road Company* v. *Abrahams et al.*,—whether the alleged contract or agreement between the County Court of Douglas County, and the Douglas County Road Company, of date April 10, 1874, is enforceable, or can be made available in the form and condition in which the record of the County Court of Douglas County, relating to the matter, has been left—and, though all the members of the Court, in that case, did not concur in the decision and opinion given, yet that decision must stand as the decision of the Court, and, so far as the two cases are similar, must control this case.

There are added, however, in this case, allegations concerning the proceedings in the County Court of Douglas County, upon which the Circuit Court was asked to exercise a supervisory control over the County Court by injunction, and by decree, in the nature of specific performance. It is not pretended that if the appellant's contract had been duly recorded, and a record of its authorization duly made in the County Court, the proceeding for injunction against the rival company (the Galesville and Canyonville Road Company), might not be sustained, no valid defense on other grounds being made; and it was more than intimated by this Court, in the case above alluded to, at the December Term, 1874, that the proper remedy for the party, if there was any at all, was some proceeding to have the record of the County Court completed.

This cannot be done by injunction, or suit in equity. The supervisory control exercised by the Circuit Court, as a general rule, is to be exercised by mandamus, the writ of review, or an appeal; and this case furnishes no exception to this general rule.

We think the decree of the Circuit Court should be affirmed.