Argued February 16; decided March 14, 1898.

## KIRKWOOD v. WASHINGTON COUNTY.

[52 Pac. 568.]

1. WRIT OF REVIEW — COUNTY COURT.— Under section 585 of Hill's Ann. Laws, as amended (Laws, 1889, 135), the proceedings of a county court sitting as a law court may be reviewed by the circuit court on a writ, since that is now concurrent with the right of appeal: *Broback* v. *Huff*, 11 Or. 395, distinguished, and *Hill* v. *State*, 23 Or. 446, followed.

2. "INFERIOR COURTS" — STATUTES.— The expression "inferior court or tribunal" used in section 585 of Hill's Ann. Laws, as amended in 1889, means all courts and tribunals over which the circuit courts are given appellate jurisdiction and supervisory control by the state constitution.

3. COLLECTION OF TAXES — SUPPLEMENTARY PROCEEDINGS.— The purpose of section 2815 of Hill's Ann. Laws was simply to declare the effect of a tax warrant, and to provide the manner of its execution and return; it does not make a tax warrant an execution in the sense that supplemental proceedings may be based thereon under sections 308, 309 and 310.

From Washington: THOS. A. McBRIDE, Judge.

Proceedings by Washington County and its sheriff against George Kirkwood for the collection of a delinquent tax. An order was made directing Kirkwood to apply certain property in payment of the tax, and he sued out a writ of review to the circuit court, which vacated said order, and the county appeals.

AFFIRMED.

For appellants there was a brief over the names of *T. J. Cleeton*, district attorney, and *Loring K. Adams*, with an oral argument by *Mr. W. N. Barrett*.

For respondent there was a brief and an oral argument by *Mr. Samuel B. Huston.*

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from a judgment of the Circuit Court of Washington County vacating, on writ of review, an order of the county judge of such county requiring the petitioner to apply certain property in satisfaction of delinquent taxes charged against him for the year 1894. The facts are that on July 1, 1895, the clerk of Washington County prepared and delivered to the sheriff the delinquent tax list for the year 1894, with a warrant in due form attached thereto, and the sheriff, being unable to collect the tax charged thereon to Kirkwood, made and filed, on October 3, 1895, an affidavit in the county court to the effect that Kirkwood had property liable to seizure under the delinquent tax warrant, which he refused to apply to the satisfaction thereof, in pursuance of which the county judge ordered and directed him to appear at a time fixed, and answer under oath concerning the same. At the time designated, the petitioner appeared and moved to dismiss the proceedings, for the reasons (1) that the court had no jurisdiction; (2) that no sufficient affidavit had been filed upon which to base the order for his examination; (3) that the warrant for the collection of the delinquent taxes is void, because not issued within the time required by law; and (4) that, if valid when issued, it had become *functus officio* at the time these proceedings were instituted. This motion was overruled, and the court pro-

32 *Or.—37.*

ceeded to the examination of the petitioner, and found and adjudged that he had property liable to seizure under the tax warrant, and thereupon ordered and directed him to apply the same in satisfaction of the delinquent taxes charged against him, and costs, within 10 days from the date of the order. From this order Kirkwood sued out a writ of review to the circuit court, whereupon the county filed a motion to dismiss, because it was not the proper remedy. This motion was denied, and an order entered vacating the proceedings of the county court, and hence this appeal.

1. It is claimed by the defendant county that a writ of review will not lie from the proceedings of a county court sitting as a law court. In support of this position, reliance is had upon section 902 of Hill's Ann. Laws, which makes the provisions of chapter VI relating to appeals applicable to the judgments and decisions of the county court in all cases except decisions given or made in the transaction of county business, and under which it was held, in *Broback* v. *Huff*, 11 Or. 395 (4 Pac. 1130), that a writ of review will not lie to bring up for review the records of a county court in a civil action. But since that decision the statute in reference to the writ of review (section 585) has been amended by providing that it shall be concurrent with the right of appeal (Laws 1889, 135); and, as the law now stands, it is clear, as said by Mr. Chief Justice LORD in *Hill* v. *State*, 23 Or. 446 (32 Pac. 160), "that, where there is a right of appeal, there is a right to a writ of review, as the latter is made concurrent with the former, so that in

all cases where the inferior tribunal exceeds its juris-
diction or exercises its powers erroneously, and a
right of appeal exists, there is the concurrent right of
review." It is manifest, therefore, that, under the
present statute, the proceedings of a county court
sitting as a law court may be reviewed upon writ of
review if it is to be deemed an inferior court or
tribunal, within the meaning of the statute.

2. In a technical sense, an inferior court is one of
inferior or limited jurisdiction, whose judgment,
standing alone, does not import verity; but, in a more
general sense, any court from which an appeal or
writ of review will lie is inferior to the court to which
its judgments may be carried for review; and it is in
this sense the term is evidently used in the statute.
As so used, it refers to relative rank and authority,
and not to inherent quality, and was intended to in-
clude all courts and tribunals over which the circuit
courts are given appellate jurisdiction and supervisory
control by the constitution (article VII, section 9):
*Swift* v. *Circuit Judges,* 64 Mich. 479 (31 N. W. 434);
*State* v. *Daniels,* 66 Mo. 192; *Nugent* v. *State,* 18 Ala.
521; 4 Enc. Pl. & Prac. 38. The motion to dismiss
the writ for want of jurisdiction was therefore prop-
erly overruled, and this brings us to the validity of
the proceeding sought to be reviewed.

3. The contention is that because a warrant for
the collection of delinquent taxes is to be deemed an
execution against property, and to be executed and
returned in like manner (Hill's Ann. Laws, § 2815),
the county is entitled to invoke the provisions of sec-
tions 308, 309 and 310, concerning proceedings after

the issuance of an ordinary execution. In other words, the claim is that, if a sheriff is unable to find property belonging to the taxpayer upon which to levy, he may, by making an affidavit as provided in section 308, obtain an order from the county court or judge thereof requiring such taxpayer to appear and answer under oath concerning his property; and if, upon such examination, it appears to the satisfaction of the court that he has any property liable to seizure under such warrant, he may be required summarily to apply it in satisfaction of the tax charged against him, and, for disobedience of such order, he may be punished as for a contempt. To say the least, this would be a novel and rather an unusual method of collecting taxes, and the research of counsel and the court has not disclosed a single instance in which it has been attempted, or even a hint in a single authority that it could be done, notwithstanding the fact that statutes similar to ours are in force in many states. And, while the absence of precedents does not always establish a rule, yet it is hardly probable that this method of collecting taxes would have been so long overlooked if it was thought permissible.

The evident purpose of section 2815 was simply to declare the force and effect of a warrant for the collection of delinquent taxes, and to provide the manner of its execution and return, and not to clothe it with all the attributes and incidents of an ordinary execution issued on a judgment recovered in an action between private individuals. It is to have the force and effect and be deemed an execution, in the sense that it empowers the sheriff to levy upon, advertise and sell

property thereunder in the same manner as he may do under an ordinary execution. The tax roll is in the nature of a judgment, and the warrant delivered with it to the sheriff partakes of the nature of an execution for its enforcement: 25 Am. & Eng. Enc. Law, (1st Ed.), 292. But there are many provisions of the statute which readily occur to the practitioner in reference to an ordinary execution that are wholly inapplicable to a warrant for the collection of taxes. It is clear to our minds that the proceedings before the county court, under review in this case, were unauthorized; and the judgment of the court below, vacating and annulling the same, must be affirmed.

AFFIRMED.

Decided March 14, 1898.