Decided 3 January, 1899.

## MALONE *v.* CORNELIUS.

[55 Pac. 536.]

1. WRIT OF REVIEW.—A writ of review is a proper means of bringing into the circuit court the probate proceedings of a county court in some cases: *Kirkwood* v. *Washington County*, 32 Or. 568, and *Garnsey* v. *County Court*, 33 Or. 201, followed.

2. RIGHT TO WRIT OF REVIEW.—An heir and legatee under a will that is presented for probate is injuriously affected in a "substantial right" by the refusal of the county court to take proof of the will, so as to be entitled to a writ to review the proceedings.*

3. PROBATING WILL—ADVERSE PARTIES.—In probating a will in Oregon there are no "adverse parties" to be notified, since the proceeding is entirely *ex parte* (*Hubbard* v. *Hubbard*, 7 Or. 42, cited), and it is the duty of the county court to probate a will with convenient speed after its presentation, and no one is entitled to notice as a matter of right.

4. EFFECT OF PROBATING WILL.—Where a will is admitted to probate, and letters issued thereunder, the powers of any administrator who may have been appointed cease immediately.

From Washington:    THOS. A. MCBRIDE, Judge.

Writ of review brought by Mary Malone against B. P. Cornelius, county judge, and others, to review the action of the county court in refusing to proceed with the probate of a will.    From the judgment rendered, B. P. Cornelius and others appeal.

AFFIRMED.

*The statute on this point is as follows: "585. The writ shall be concurrent with the right of appeal, and shall be allowed in all cases where the inferior court, officer, or tribunal, in the exercise of judicial functions, appears to have exercised such functions erroneously, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise."

For appellant there was a brief and an oral argument by *Mr. Thos. H. Tongue.*

For respondents there was a brief over the names of *Whalley & Muir,* and *Smith & Bowman,* with an oral argument by *Mr. John W. Whalley.*

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from a judgment of the Circuit Court of Washington County, vacating and annulling, on writ of review, an order and decree of the county court of such county, made in the matter of the estate of Edward Constable, deceased. The facts are that on August 21, 1895, an *ex parte* order of the county court was made, appointing one Elizabeth Shute administratrix of the estate on her own petition, in which she stated, among other things, that the deceased left an instrument purporting to be his last will and testament, but that it was executed through undue influence of one of his daughters, and while he was afflicted by age and infirmities to such an extent that he was incompetent to make a will, and that the subscribing witnesses thereto were unwilling to testify that he was of sound and disposing mind at the time of its execution. On the same day the plaintiff, an heir of the deceased, and a legatee under the alleged will, filed a petition in the county court in due form, praying for the probate of such will, and that letters testamentary be issued to the executor named therein. At the hearing thereof counsel for the petitioner read in open court the petition, and the paper purporting to be the will sought to be probated, and offered to prove its due execution, and the testamentary capacity of the testator, by the subscribing witnesses, who were then present and ready to testify, for the purpose of

34 OR.—13.

having the will admitted to probate in common form ; but the court, apparently on its own motion, refused to permit such witnesses to testify, or to allow any further proceedings in the matter, unless Mrs. Shute, the administratrix theretofore appointed, and the heirs of the deceased, be cited to appear, and, the plaintiff declining to take such action in the premises, her petition was denied.    She thereupon sued out a writ of review, which resulted in a judgment reversing and setting aside the order of the county court, and directing such court and judge thereof to proceed with the hearing and determination of the petition of plaintiff for the probate of the will in common form without citation.    From such judgment this appeal is taken.

1.    It is claimed that a writ of review will not lie to bring up the proceedings of the county court sitting for the transaction of probate business, but this question is settled adversely to such claim by *Kirkwood* v. *Washington County*, 32 Or. 568 (52 Pac. 568), and *Garnsey* v. *County Court*, 33 Or. 201 (54 Pac. 1089).

2.    It is next claimed that the proceeding sought to be reviewed did not affect any substantial rights of the plaintiff, and hence she was not entitled to the writ. But it appears that she was not only the petitioner for the probate of the will, but one of the heirs and legatees of the testator, and therefore an erroneous refusal of the county court to take proof of the will injuriously affected her substantial rights.

3.    Again, it is claimed that the writ of review should have been quashed, because a copy thereof was not served upon Mrs. Shute, the administratrix theretofore appointed, and the other heirs of the estate, whom it is argued are adverse parties to this proceeding.    This necessarily brings us to a consideration of the merits, for, if the persons referred to are adverse parties to this proceeding,

they were clearly necessary parties to the proceeding for the probate of the will in the first instance, and the county court did not err in refusing to proceed in the matter until they had been cited to appear. On the other hand, if they were not necessary parties to the proceeding in the probate court, they are not adverse parties here. At common law there were two modes of proving a will: the solemn form, in which all the parties interested were cited to appear at the time of probate, and in which the order admitting the will to probate was conclusive upon all the parties so cited unless fraud or collusion could be shown; and the common form, in which the will was proved and admitted to probate *ex parte*, without citation to any one, and in which the probate could be called in question by interested parties, and the executor required to re-probate the will *de novo* by original proof in the same manner as if no probate thereof had been had. Both of these modes have been adopted in several of the states by statute, but in this state the common form is the only one which has been adopted: *Hubbard* v. *Hubbard*, 7 Or. 42. Under our statute no citation is necessary or required, but the probate of a will is wholly an *ex parte* proceeding. It is made by the presentation of the will to the proper county court, together with a verified petition for its admission to probate, setting forth facts necessary to give the court jurisdiction, and the production of competent evidence of its validity. Whenever an instrument purporting to be the last will and testament of a deceased person is presented for probate, it is the duty of the court to hear the witnesses as to its due execution, and, if they show *ex parte* the instrument offered to be the will of the deceased, it must be admitted to probate, and letters testamentary issued as a matter of course. If any one interested thereafter wants to contest the will, he must file his complaint, or allegations of contest, and

thereupon the burden of proving the will in solemn form is imposed on the proponent. The admission of the will to probate under our statute is done upon the principle that it is valid in all respects, and the judgment of probate is conclusive until overturned in some proper proceeding. The County Court of Washington County therefore exercised its judicial functions erroneously in refusing to proceed with the probate of the will in question until Mrs. Shute and the other heirs of the estate had been cited to appear. The fact that Mrs. Shute had been appointed administratrix of the estate does not entitle her to notice of the intended probate of the will.

4. If she was appointed under Section 1091, Hill's Ann. Laws, because of some delay in issuing letters testamentary, her powers ceased immediately upon the admission of the will to probate, and the issuing of letters testamentary ; and, if she was appointed on the theory that the deceased died intestate, it was the duty of the court, upon the subsequent production and proof of the will, to immediately revoke the administration previously granted, and to issue letters testamentary to the executor named in the will, without any notice whatever to her. From these views it follows that the judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.

Decided 24 November, 1898.