## In re PERSON'S WILL.

Second Division. Nome. August 7, 1926.

No. 3009.

**1. Wills** ⊜═213—**Admission to Probate ex Parte—Contest of the Will Must be Begun after Preliminary Probate.**

The executor named in the will of Elin Person, deceased, filed a petition with the will, asking for its admission to probate; with the petition the proofs of the subscribing witnesses were filed. An affidavit of a physician was filed in the court, alleging that at the time of signing the will the testator was not able to understand what was being done; whereupon the probate judge made an order that the will be not admitted to probate. On appeal from that order to the district court, *held*, that it was the duty of the probate court to hear the witnesses as to the due execution of the will, and if they show, ex parte, the instrument offered to be the will of the deceased, it must be admitted to probate and letters testamentary issued as a matter of course. Any interested parties will thereafter have an opportunity to contest the will by filing complaint or allegations of contest.

**2. Wills** ⊜═288(1)—**Contest after Preliminary Proofs.**

After a will has been proven in common form, and any one interested in the estate wishes to contest its validity, he must

⊜═See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

file his complaint or allegations of contest, and thereupon the burden of proving the will in solemn form is imposed upon the proponent.

Appeal by Margaret Bennett and Frank O. Peterson, legatees, from an order of the probate court denying probate of the last will and testament of said Elin Person, deceased.

From the transcript on appeal it appears that one G. A. Adams, the executor named in the will, on March 22, 1926, filed his petition for the probate of said will, in which he recited the jurisdictional facts called for by statute; that said testatrix died on the 19th day of March, 1926, in Cape Nome precinct, territory of Alaska, leaving real and personal property therein; that petitioner consents to act as executor, and that there are "no next of kin or heirs at law of said testatrix, as your petitioner is advised and believes"; that said testatrix, at the time of the execution of said will, was of age and of sound and disposing mind; that said will was then and there propounded, dated March 16, 1926; that on the 2d day of April, 1926, the affidavits of the witnesses to said will, A. Polet and Albin Polson, were filed in proof of said will; that on the 3d day of April, 1926, the affidavit of Dr. Rex F. Swartz was also filed, stating that he was the attending physician of said deceased, was present at the time of the execution of said will, and that the deceased was not, in his opinion, "able to understand what was going on about her; that she was not able to understand what was said to her, or to respond thereto, nor to sign any document." The order denying probate was dated April 3, 1926, in which it was "ordered, adjudged, and decreed that said document be not admitted as the last will and testament of Elin Person."

On the 24th day of April, 1926, the appellants above named filed in said probate court a so-called notice of appeal, in which they "excepted and objected" to said order "excluding the will from admission to probate," and gave notice of "intention to appeal from the decision of said probate judge," and demanded that all papers be sent to the district court. Said appeal was granted, and a transcript filed in the office of the clerk of the district court the same day. Said transcript consisted of certified copies of the files and orders above referred to.

On the 27th day of May, 1926, the appellants filed in the

office of the clerk of this court a notice, with admission of service thereon, in words and figures as follows:

"To Attorney General for Territory of Alaska; Fred Harrison, District Attorney:

"Please take notice that exceptions from the order of the probate judge, Cape Nome precinct, Second division, territory of Alaska, excluding the will from probate, in the matter of the estate of Elin Person, deceased, a copy of which is hereto annexed, has been filed in the district court, Second division, territory of Alaska, as an appeal to the said district court; and you are required to appear therein within twenty days from the date of service of this notice.

"Dated this 26th May, 1926,

"Margaret Bennett,
"Frank O. Peterson, Appellants.
"G. A. Adams, Atty. for Appellants.

"Service of foregoing notice with copy of exceptions annexed, this 26th day May, 1926, admitted.

"T. C. Lehmann.
"Fred Harrison,
"By F. H. G. Gibson.

"May 26/26.   7 P. M."

On the 3d day of July, 1926, the appellants appeared by their said attorneys in open court and moved that said appeal be heard on the 9th day of July, 1926, at 2 o'clock p. m. stating that said appeal would be heard upon the transcript, exceptions filed, and oral and documentary evidence.

Said motion was granted, and said appeal coming on for hearing, ex parte, the testimony of the subscribing witnesses to said will and others was given. Fred Harrison, upon whom notice had been served as aforesaid, disclaimed appearance for any one, but at the request of the court, and as amicus curiæ, remained and cross-examined witnesses. No evidence was offered except by appellants. How the affidavit of Dr. Swartz got into the record, or at whose request and on whose behalf, is not made to appear; the same was not offered in evidence in this court.

O. D. Cochran, Hugh O'Neill, and G. A. Adams, all of Nome, for appellant.

LOMEN, District Judge. It is not without some doubt that the court, in view of the record on appeal, takes jurisdiction; but in view of the fact that the proof of the will offered in the probate court was wholly ex parte, and necessarily in com-

mon form, being without notice, and in view of the fact that under section 1595, Compiled Laws of Alaska 1913, the jurisdiction of the probate court is "subject to the supervision of the district judge, in all testamentary and probate matters," and in view of the fact that under section 1774 of said Compiled Laws it is provided that "upon the filing of such exceptions the district judge shall proceed, on due notice, to hear and determine the same at such time and in such manner as he shall prescribe by order, and for that purpose may receive and entertain affidavits and depositions or hear oral evidence," and that by section 1775, "upon such hearing the district court or judge thereof, shall determine the issues so raised according to the very right of the matter, and make such order in the premises as he may see fit, which order shall be entered in the docket to be kept by the clerk of the court for that purpose, properly indexed, and a copy of the same shall be forwarded to the commissioner before whom the exceptions were filed, who shall thereupon proceed in accordance with such order." * * *

The court deems that it has jurisdiction of said matter for the purposes aforesaid, and will make and file its order in the premises according to the "very right of the matter," as he sees it. If the court should not take jurisdiction, it would probably compel a further appeal on part of the appellants from such ruling. So, also, in case of an affirmance of the order of the probate court. By a reversal of the ruling of the probate court the case simply goes back to the probate court with instructions for further action. Such further action cannot prejudice any of the parties interested in said estate, and in fact is necessary in order to warrant or authorize a contest between parties respecting the will. Section 1614, Compiled Laws aforesaid, provides:

"* * * And if, after a will has been proven and letters testamentary or of administration with the will annexed have been issued thereon, such will should be set aside, declared void or inoperative, such letters shall be revoked and letters of administration issued."

It seems that, under the Oregon statutes and under the like statutes of the territory of Alaska, the proof of a will is made in "common form" and without notice, ex parte. Hubbard v. Hubbard, 7 Or. 42; Luper v. Werts et al., 19 Or. 122, 23 P. 850; Clark v. Ellis, 9 Or. 133; Malone v. Cornelius, 34

Or. 192, 55 P. 536; Richardson v. Green (C. C. A.) 61 F. 423; Farrell v. O'Brien, 199 U. S. 89, 25 S. Ct. 727, 50 L. Ed. 101.

In Farrell v. O'Brien, supra, Chief Justice White, writing the opinion and quoting from the opinion in Ellis v. Davis, 109 U. S. 485, 3 S. Ct. 327, 27 L. Ed. 1006, says:

"No instrument can be effective as a will until proved; no rights in relation to it, capable of being contested between parties, can arise until preliminary probate has been first made."

He also declares:

"The requirement of probate is but a regulation to make a will effective" and a matter "of pure probate."

In Richardson v. Green, supra, the Ninth Circuit Court of Appeals states in its opinion that:

"Under the decisions of the Supreme Court of Oregon, after a will has been probated, then any one interested in the estate can attack the will in what is called a 'direct proceeding' "—citing Luper v. Werts, supra, and other cases.

In the Luper v. Werts Case, the county court, having original jurisdiction in probate matters, first admitted a will in "common form"; then, "on the coming in of contestant, after hearing proof of will in solemn form," annulled its previous order; on appeal, the circuit court reversed the latter order. Upon appeal to the Supreme Court, the order of the circuit court was reversed, and the order of the county court affirmed.

In Malone v. Cornelius, supra, it was said that:

"If, after a will had been proven in 'common form,' " "any one interested * * * wants to contest the will, he must file his complaint or allegations of contest, and thereupon the burden of proving the will in solemn form is imposed on the proponent."

And again:

"Whenever an instrument purporting to be the last will and testament of a deceased person is presented for probate, it is the duty of the court to hear the witnesses as to its due execution, and, if they show ex parte the instrument offered to be the will of the deceased, it must be admitted to probate, and letters testamentary issued as a matter of course."

Whatever may have been the evidence before the probate court, the evidence produced on this appeal at a hearing de novo, and also ex parte, was such as in our judgment should

admit the will to probate in "common form." Any interested parties will thereafter have an opportunity to contest the will, by filing complaint or allegations of contest.

An order reversing the order of the probate court will accordingly be made, with instructions in conformity with this opinion.