HOFFMAN, *Appellant,*

*v.*

FRENCH et al, *Respondents.*

(No. 102,347, CA 10232)

585 P2d 730

Kenneth R. Ryder, Salem, Marion-Polk Legal Aid Service, Inc., argued the cause and filed the brief for appellant.

No appearance for respondent, Donna French.

John A. Bryan and DeArmond, Sherman & Bryan waived appearance for respondent Donald D. Paynter.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

This appeal arises out of an F.E.D. action brought by respondent in the district court. Appellant's motion to quash and demurrer to the complaint were overruled. After trial the district court awarded judgment to respondent. Appellant petitioned the circuit court for a writ of review alleging the district court had incorrectly applied the applicable in law denying her motion to quash and demurrer.

In *Myers v. Carter, Marquam Invest. Corp.,* 27 Or App 351, 556 P2d 703 (1976) we held in a similar case that circuit courts have writ of review jurisdiction to review errors of law by district courts. However, as noted in *Myers,* 27 Or App at 356 n.5, that case was decided before the effective date of Oregon Laws 1975, ch 611 (Chapter 611), ORS 46.250, ORS 46.330-46.350, which made district courts courts of record with direct appeal to the Court of Appeals. That chapter repealed former ORS 46.250 providing for de novo appeal from district court cases to circuit court.

■ ORS 34.020[1] and ORS 34.040[2] provide that a writ of review may be allowed to review proceedings of an "inferior court." That term refers generally to courts

---

[1] ORS 34.020 in pertinent part provides:

"Any party to any process or proceeding before or by any *inferior court,* officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. * * *." (Emphasis supplied)

[2] ORS 34.040 provides:

"The writ shall be allowed in all cases where the *inferior court,* officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

(1) Exceeded its or his jurisdiction;

(2) Failed to follow the procedure applicable to the matter before it or him;

(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

(4) Improperly construed the applicable law; to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ." (Emphasis supplied)

that are subject to either appellate review or supervisory control by the circuit court. *See Cole v. Marvin,* 98 Or 175, 193 P 828 (1920); *Kirkwood v. Washington County,* 32 Or 568, 52 P 568 (1898). By virtue of Chapter 611 district courts are no longer subject to direct appellate review by circuit courts. Administrative supervision of district courts is lodged in the Supreme Court, ORS 1.002. District courts have concurrent criminal jurisdiction with circuit courts in misdemeanor cases, ORS 46.040, and exclusive jurisdiction over civil cases where the amount in controversy does not exceed $3,000, ORS 46.060. We conclude that while district courts are courts of limited jurisdiction they are no longer inferior to circuit courts.

Appellant contends that district courts are inferior because they are subject to review by circuit courts by way of writ of mandamus. To the contrary, a circuit court's authority to issue a writ of mandamus to another court is circumscribed by the same statutory standard as the writ of review. ORS 34.110 provides that "A writ of mandamus may be issued to any *inferior court * * *"* (emphasis supplied). For the reasons stated, district courts are no longer inferior to circuit courts.

Finally, appellant argues that the legislative history indicates an intent to retain writ of review as a means of reviewing district court decisions. We have reviewed the legislative history of Chapter 611 and find virtually no mention of any contemplated impact on writs of review. Appellant relies on the history of House Bill 2721 introduced in the 1977 legislative session and referred to the House Judiciary Committee. The bill expressly exempted district courts from writ of review. After hearing testimony in opposition to the bill, the bill was tabled by the committee. The fact that a legislative committee in a subsequent legislative session *may* have made certain assumptions concerning the state of the law and tabled a bill on account of those assumptions is not persuasive evidence of legislative intent. The express provisions

of Chapter 611 and reason indicate the legislature intended to eliminate circuit court review of district courts either by direct appeal or by writ, and made appeal to the Court of Appeals the exclusive means of review.

■  Because the writ was properly quashed for lack of jurisdiction, we do not address appellant's other assignments.

Affirmed.