MATTILA, *Appellant,*
*v.*
MASON, *Respondent.*
(No. 23823, CA 10582)
590 P2d 732

Emil R. Berg, Cooperating Attorney, American Civil Liberties Union, Oregon City, argued the cause and filed the briefs for appellant.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner appeals from a circuit court order denying the relief sought in an alternative writ of mandamus which was directed to the defendant district court judge. We dismiss for want of jurisdiction.

In October, 1977, petitioner was cited for a traffic infraction. Petitioner appeared before the defendant and entered a plea of not guilty. Defendant advised petitioner that a date and time for trial would be set later, and that the petitioner was required to post $27 "bail" pending the trial. Defendant has refused to schedule a trial until the bail is posted. Petitioner brought this mandamus proceeding to require defendant to schedule a hearing "without requiring Petitioner to first post any sum as 'bail' * * *." Petitioner argues that "to require him to deposit a sum of money in order to obtain a hearing on an alleged traffic infraction is a denial of due process of law."

We are unable to reach the merits of petitioner's argument. In *Hoffman v. French,* 36 Or App 739, 585 P2d 730 (1978), *rev allowed* (1979), the circuit court quashed a writ of review directed to the district court on the grounds that the circuit court lacked jurisdiction. We affirmed, concluding that Oregon Laws 1975, ch 611, which made the district courts courts of record and divested the circuit courts of appellate review of and supervisory control over the district courts, also had the effect of divesting the circuit courts of authority to review district court actions by writ of review. The effect of the 1975 Act was to eliminate the status of district courts as "inferior" to the circuit courts—a status which was a prerequisite for the latter to have writ of review jurisdiction over the former under ORS 34.020 and 34.040.

We stated in dictum in *Hoffman:*

> "Appellant contends that district courts are inferior because they are subject to review by circuit courts by way of writ of mandamus. To the contrary, a circuit

court's authority to issue a writ of mandamus to another court is circumscribed by the same statutory standard as the writ of review. ORS 34.110 provides that 'A writ of mandamus may be issued to any *inferior court* * * *' (emphasis supplied). For the reasons stated, district courts are no longer inferior to circuit courts." 36 Or App at 742.

We now expressly hold what we stated in the foregoing dictum from *Hoffman,* that the circuit courts do not have jurisdiction to issue writs of mandamus to district courts or to the judges of district courts in connection with the latters' judicial duties.

Appeal dismissed.