Argued and submitted March 5,
reversed and remanded September 11, 1979

## HOFFMAN, *Petitioner,*

*v.*

## FRENCH et al, *Respondents.*

(TC 102347, CA 10232, SC 25927)

599 P2d 452

Kenneth R. Ryder, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed a brief for petitioner.

No appearance by respondents.

LINDE, J.

## LINDE, J.

Petitioner, defendant in a "forcible entry and detainer" action in the District Court for Marion County, sought review of an adverse judgment by means of a writ of review in the circuit court. The circuit court and, on appeal, the Court of Appeals held that the writ of review was not available to review decisions of the district court as an "inferior court," ORS 34.020, after Oregon Laws 1975, ch 611, made the district court a court of record whose judgments are directly appealable to the Court of Appeals. *Hoffman v. French,* 36 Or App 739, 585 P2d 730 (1978). We allowed review and now reverse.

The problem is to determine whether the change from an "appeal" of district court judgments by retrial in the circuit court to a true appeal on the record to the Court of Appeals, *see* ORS 46.250 - 46.265, ORS 46.330 - 46.350, was meant to end the availability of the writ of review as a parallel channel of review of district court rulings. The writ of review statutes, ORS 34.010 - 34.100, have long defined the reach of the writ in the circuit court as extending to the decisions of "any inferior court, officer, or tribunal."[1] Prior to the

---

[1] ORS 34.020:

"Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100, and not otherwise. Upon a review, the court may review any intermediate order involving the merits and necessarily affecting the decision or determination sought to be reviewed."

ORS 34.040:

"The writ shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its or his jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it or him;

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

change in the appeal procedure, the Court of Appeals had treated the district court as "inferior" to the circuit court for purposes of ORS chapter 34. *Myers v. Carter, Marquam Investment Corp.,* 27 Or App 351, 556 P2d 703 (1976). However, the court there forecast its conclusion in the present case that this change removed district courts from the reach of the writ of review. 27 Or App at 356, n. 5. Subsequently, the Court of Appeals also held that the district courts were no longer "inferior" to circuit courts for purposes of the circuit courts' mandamus power, ORS 34.110, *cf.* Or Const art VII (original) § 9. *Mattila v. Mason,* 38 Or App 433, 590 P2d 732 (1979). We recently reversed that decision in *Mattila v. Mason,* 287 Or 235, 598 P2d 675 (1979).

As noted in this court's opinion in *Mattila,* the Court of Appeals rested its conclusion on two criteria characterizing an "inferior court" that it drew from the early opinions in *Cole v. Marvin,* 98 Or 175, 193 P 828 (1920) and *Kirkwood v. Washington County,* 32 Or 568, 52 P 568 (1898): Whether the court is subject either to appellate review or to supervisory control by the circuit court. Since appellate review of the district court had been removed from the circuit courts and "administrative supervision" over them is lodged in this court, ORS 1.002, the Court of Appeals concluded that neither criterion was met. 36 Or App 741-742. However, this conclusion is not compelled by the *Kirkwood* and *Cole* opinions. Those holdings did not depend on the two criteria. First, they involved review of the acts of county courts which were "inferior courts" directly by virtue of the constitutional text, as *Cole v. Marvin* held.[2] Moreover, the opinions referred

"(4) Improperly construed the applicable law;

to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

[2] Or Const art VII (orig) § 9 provides:

"All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some

to the presence of appellate and supervisory power as sufficient but not necessarily as exclusive criteria. As mentioned in *Mattila v. Mason, supra,* courts whose jurisdiction is limited in the amount, gravity, or legal difficulty of the cases assigned to them are often described as "inferior" to courts of general jurisdiction. *See* 287 Or at 242-244. Finally, it begs the question to decide whether a district court is subject to writs of review or of mandamus from a circuit court by asking whether it is under the circuit court's supervisory control. The control exists if these or other writs apply and not if they do not. Long before *Kirkwood* and *Cole,* this court stated that "[t]he supervisory control exercised by the Circuit Court [over a county court], as a general rule, is to be exercised by mandamus, the writ of review, or an appeal . . . ." *Douglas County Road Co. v. Douglas County,* 5 Or 373, 374 (1875); so but for the modifying phrase "administrative" supervision inserted by the Court of Appeals, the search for supervisory authority as a premise for the writs of review or mandamus is inescapably circular.

As held in *Mattila v. Mason, supra,* district courts remain "inferior" courts within the meaning of ORS chapter 34 so as to be subject to writs of mandamus issued by circuit courts, and they are thus also "inferior courts" for purposes of the writ of review by a test of supervisory control. Apart from this verbal characterization as "inferior," however, the question remains whether circuit court review of district court decisions by means of the writ of review was meant to survive and coexist with the creation of direct appeals from the district court to the Court of Appeals. There is no evidence that this result was not meant to follow

---

other Court shall belong to the Circuit Courts, and they shall have appellate jurisdiction, and supervisory control over the County Courts, and all other inferior Courts, Officers, and tribunals."

The court held that the reference to county courts and *other* inferior courts necessarily ranked county courts as inferior to circuit courts. 98 Or at 180-181.

the enactment of Or Laws 1975, ch 611, nor for that matter that it was; as the Court of Appeals said, the legislative history is uninformative on the question.

If the coexistence of two parallel channels of review seems an anomaly, this might suggest that the provision of a direct appeal on the record implied a legislative policy that the district court, in consequence, would no longer be "inferior" to the circuit court, as the Court of Appeals concluded. But the duplication of remedies has not necessarily been regarded as anomalous. Before the enactment of chapter 611, review by writ of review coexisted with direct 'appeals' from the district court to the circuit court. ORS 46.250 (amended 1975). *See, e.g., Asher v. Pitchford,* 167 Or 70, 115 P2d 337 (1941). ORS 34.040, *supra* note 1, expressly provided and still provides that "[t]he fact that the right of appeal exists is no bar to the issuance of the writ." If that was the deliberate legislative policy when an appeal was available to the circuit court, we are not justified in reading that policy out of ORS 34.040 when the appeal was shifted to the Court of Appeals.[3] Thus the circuit court retained jurisdiction to entertain plaintiff's petition for a writ of review in this case.

---

[3] Cases tried after November 1, 1979, will be governed by the newly amended version of ORS 34.040:

"The writ shall be allowed in all cases where the inferior court including a district court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it;

"(3) Made a finding or order not supported by substantial evidence in the whole record;

"(4) Improperly construed the applicable law; or

"(5) Rendered a decision that is unconstitutional,

to the injury of some substantial interest of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

Or Laws 1979, ch 772, § 13.

The merits of that petition were not considered by the Court of Appeals and have not been briefed or argued in the petition for review in this court. Accordingly, the decision of the Court of Appeals is reversed and the case is remanded for further consideration.

Reversed and remanded.