Argued and submitted June 17, 1991, affirmed April 22, reconsideration allowed by opinion July 8, 1992

Leonard REESER
and Leonard Reeser Transportation,
*Appellants,*

*v.*

David M. LONG
and Leona Long,
*Respondents.*

(CV90-118; CA A66888)

829 P2d 1050

Brian W. O'Brien, Portland, argued the cause and filed the brief for appellants.

Gig Wyatt, Salem, waived appearance for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

**PER CURIAM**

Defendants, David and Leona Long, filed an indemnity claim in district court against David's employer, Leonard Reeser Transportation (Reeser). Reeser filed a motion for judgment on the pleadings, which was denied. On January 30, 1990, in a trial to the court, the court ruled in favor of the Longs. Judgment was entered in accordance with that ruling on February 9, 1990.

On April 9, 1990, Reeser filed a petition for writ of review in the circuit court, contending again that the Longs had failed to allege sufficient facts to constitute a claim. The circuit court held that the petition was not timely filed and that the sole review was in the Court of Appeals; nevertheless, it held that the Longs had prevailed on the merits. Reeser appeals.

Reeser is correct that he timely filed his petition within 60 days after the final written judgment, *see Duddles v. City Council of West Linn*, 21 Or App 310, 535 P2d 583 (1975), and that a circuit court retains jurisdiction to entertain a petition for a writ of review from district court, although an appeal to the Court of Appeals is also available. *Hoffman v. French*, 287 Or 323, 599 P2d 452 (1979). Accordingly, the court erred in holding that it had no jurisdiction.[1] However, because the court did have jurisdiction and ruled correctly in favor of the Longs on the merits in a trial, there is no point in remanding for a trial.

Affirmed.

[1] If the court had been correct in determining that it did not have jurisdiction, it should not have reached the merits.